### ANDREWS DENNIS *vs.* PHILENA ARNOLD.

By the Rev. Sts. *c.* 73, § 21, when an execution, that has been levied on real estate, has been returned or recorded, and it appears that the estate levied on was not the property of the judgment debtor, or not liable to be seized on execution, or cannot be held thereby, the judgment creditor cannot maintain an action of debt on the judgment; but his only remedy is by writ of *scire facias*, requiring the debtor to appear and show cause why an alias execution should not be issued on the judgment.

DEBT on a judgment of the court of common pleas, rendered at October term 1842, for $545 and costs.

It appeared at the hearing, in the court of common pleas, before *Wells*, C. J. that execution was issued upon the judgment declared on, on the 7th of November 1842, and was returned satisfied by levy on the defendant's life estate in certain lands in Adams; which levy was recorded. But the plaintiff suggested that the defendant, at the time of said levy, had no life estate in said lands, but only a right to have dower assigned therein, and that the plaintiff, therefore, took nothing by the levy, and that the said judgment was in no part satisfied. The defendant thereupon contended, that though this might be so, yet that debt could not be maintained on said judgment until the officer's return on the said execution had been set aside; and that the plaintiff must resort to a writ of *scire facias* for that purpose. The judge, being of this opinion, advised a verdict for the defendant, which was returned accordingly; and the plaintiff alleged exceptions.

*Dawes*, for the plaintiff. By the common law, debt was the plaintiff's only remedy. The English *St.* 2 Westm. and our *St.* 1785, *c.* 6, gave *scire facias* as a concurrent remedy

See *Hatch* v. *Greene*, 12 Mass. 195. *Gooch* v. *Atkins*, 14 Mass. 378. *M'Lellan* v. *Whitney*, 15 Mass. 137. *Ladd* v. *Blunt*, 4 Mass. 402. *Ware* v. *Pike*, 3 Fairf. 303. *Tate* v. *Anderson*, 9 Mass. 92. Howe's Pract. 70. These cases show that debt has heretofore been maintained in cases like this. And the only question is, whether the Rev. Sts. *c.* 73, §§ 20, 21, have altered the law, in this particular, as they doubtless have in three other particulars; viz. *first*, a creditor may waive his levy; *secondly*, he may sue out a *scire facias*, without first applying to the court for leave; and *thirdly*, he cannot have interest on his judgment, nor costs. By § 20, the creditor may waive his levy, before the execution is returned, and before it is recorded, if there is "any defect or error in the proceedings that would be sufficient to defeat and render void the levy," or if "the estate levied on was not the property of the debtor, or was not liable to be seized on the execution, or, for any reason, it cannot be held thereby; and he may resort to any other remedy for the satisfaction of his judgment." By § 21, "if, after the execution is returned or recorded, it shall appear to the creditor that the estate levied upon was not the property of the debtor," &c. he may sue out a writ of *scire facias* to the debtor, and have the levy set aside, and have an alias execution "for the amount then due on the original judgment, without interest or further costs." If this last section has abolished the action of debt on the judgment now in suit, it has done so by implication only. See *Milner* v. *Petit*, 1 Ld. Raym. 720. 2 Dwarris on Sts. 674. *Steward* v. *Allen*, 5 Greenl. 103.

*Robinson, Jr.* for the defendant. The plaintiff is not entitled to a new judgment, but only to a new execution. The *St.* of 1785, *c.* 6, had a preamble, showing why it was enacted; namely, because a creditor had no remedy, when he had levied his execution on land that did not belong to his debtor; and the court was therefore authorized to order a writ of *scire facias* to issue against the debtor, and also to order an alias execution for debt and costs. And if there ever was an authoritative decision that debt would also lie in

that case, (which is not admitted,) yet, under the Rev. Sts c. 73, §§ 20, 21, a creditor, after a return of satisfaction and a recording of a levy, cannot maintain an action of debt, but is confined to a *scire facias*. If debt will also lie, the main purpose of § 21 is frustrated. The intention of the legislature was, that a recorded levy should prevent further arrest, attachment and costs in the same cause.

DEWEY, J. The cases cited by the plaintiff's counsel fully establish the position that, prior to the revised statutes, an action of debt would lie for him, under circumstances like those existing in the present case. The only question therefore is, whether the revised statutes have changed the rule of law in this respect. The provisions of Rev. Sts. c. 73, §§ 20, 21, are very full, and adequate to meet all cases of this nature. Section 20 provides for the case where the estate levied upon is not the property of the debtor, and where the levy has not been returned and recorded, and gives full authority to the judgment creditor, in such case, to waive his levy, and resort to any other remedy for the satisfaction of his judgment; and of course gives him the right to institute his action of debt in such case. But § 21 provides for the case of an ineffectual levy, sought to be abandoned, for that cause, after the execution is returned or recorded; and, for such case, it authorizes the creditor to sue out "a writ of *scire facias* to the debtor, requiring him to show cause why an alias execution should not be issued on the same judgment," and directs that if the debtor shall not show sufficient cause to the contrary, "an alias execution shall be thereupon issued for the amount then due on the original judgment, without interest or further costs."

Taking these sections together, we think they provide a full and adequate remedy in such cases, and that the marked distinction in the remedy provided in the different cases falling within the different sections, 20 and 21, manifests the intention of the legislature that the remedy by *scire facias* should be the exclusive remedy in cases embraced in § 21. The restriction upon the allowance of interest, and the

provision as to costs, seem to require this construction of the statute.

The mere general provision for a *scire facias*, in all cases where the lands levied upon did not belong to the debtor, as was the *St.* of 1785, *c.* 6, might have been considered cumulative, leaving the action of debt still applicable to such cases; but the more full and minute provisions of the revised statutes, and especially the different remedies given to the different cases of levies not recorded or returned, and those that have been returned or recorded, have satisfied us that an action of debt will not lie in cases where the levy of execution has been returned or recorded, and that the proper remedy in such cases is a writ of *scire facias.*

*Exceptions overruled.*